1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) CR 11-2498-TUC-DCB (GEE) |
|---|---|
| Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Marshal Edwin Home; and Margaret Elizabeth Broderick, | ) |
| Defendants. | ) |

The District Court referred this case to the Magistrate Judge to address the *Faretta* motion for self-representation offered by the defendant, Margaret Elizabeth Broderick. (Doc. 50) A hearing on the motion was held on Friday, September 16, 2011. (Doc. 53)

**Charge:**

The defendant, Margaret Elizabeth Broderick, is charged in a superseding indictment with Fraudulently Presenting False Claims in Bankruptcy, Mail Fraud, and Wire Fraud in violation of Title 18, United States Code §§ 152(4), 1341, and 1343. (Doc. 34)

In Counts 1, 2, and 3, Broderick and co-defendant Home are charged with presenting false claims against the estate of a debtor in United States Bankruptcy Court. *Id*. These claims were named against the estate of "United States Corp." and totaled approximately 300 billion dollars. *Id*.

In Count 4, Broderick and Home are charged with creating a scheme to defraud homeowners by falsely claiming they could prevent the homeowners' impending home foreclosures. *Id*. The superceding indictment alleges that the defendants' scheme cost their customers $500 each and consisted of "filing paperwork making frivolous arguments to courts that ultimately did not provide relief to those individuals." *Id*. As part of their scheme, the defendants filed an involuntary bankruptcy petition purporting to place the United States into bankruptcy. *Id*. The defendants subsequently filed Proof of Claim forms against the "debtor," the United States. *Id*.

In Counts 5-10, Broderick and Home are charged with facilitating their mortgage scheme by sending six specific wire communications. *Id*.

**Hearing:**

The Court held a *Faretta* hearing on Friday, September 16, 2011. (Doc. 53) Broderick was represented by attorney Bruce R. Heurlin. *Id*. Also present was AUSA Robert Miskell. *Id*.

At the hearing, Magistrate Judge Edmonds advised Broderick that she has a right to counsel provided by the Court but can waive that right if she does so voluntarily and intelligently. *Id*., p. 2.

Broderick stated she holds bachelor's and master's degrees in education and a law degree "from the Denver University and the University of Colorado in Boulder." *Id*., p. 3.

She acknowledged she had an opportunity to review the indictment, but when asked if she understood the charges against her, she responded: "No, they're commercial charges. I don't understand them at all." *Id*., p. 5. The following exchange occurred:

> THE DEFENDANT: I don't understand how you can bring
> charges against me. I am --
> THE COURT: Well –
> THE DEFENDANT: -- the beneficiary.
> THE COURT: -- ma'am, I'm not bringing the charges.

| | |
|---|---|
| 1 | The Government is bringing the charges. I am here as the Judge. |
| 2 | So when I ask you do you understand, I'm not asking you do you |
| 3 | understand how they can do it. |
| 4 | THE DEFENDANT: I just understand that it has |
| 5 | commercial value and as such, originates from the Treasury. I |
| 6 | understand that. |
| 7 | THE COURT: Do you understand the charges? |
| 8 | THE DEFENDANT: They're commercial charges. Yes, I |
| 9 | understand they are commercial charges with a value on them. |
| 10 | THE COURT: And do you understand that they are |
| 11 | criminal charges? I'm not asking you if you agree with it. I'm |
| 12 | asking do you understand that you are charged with criminal |
| 13 | conduct? |
| 14 | THE DEFENDANT: No, I don't understand. It is a |
| 15 | conversion of my constitutional right to go to court and redress |
| 16 | my grievances against the Government. That is my right, Your |
| 17 | Honor. |
| 18 | THE COURT: I understand, ma'am, but, you have been |
| 19 | charged with a crime, you're in custody, you have the -- you've |
| 20 | been provided with the indictment. Now, whatever issues you may |
| 21 | have, you are certainly free to address those issues and they |
| 22 | will happen in the course of these proceedings as time goes on. |
| 23 | So, my question to you is again, do you understand that |
| 24 | you are charged with criminal conduct? |
| 25 | THE DEFENDANT: I don't understand the crime. No, I |
| 26 | don't. I absolutely do not. |
| 27 | *Id*., pp. 5-6. |
| 28 | |

The court then proceeded to explain the maximum penalty that Broderick faced for each count in the superceding indictment. (Doc. 53, p. 9) When the Court asked if she understood, Broderick replied: "I'm accepting them for value and returning them for settlement and closure at the Treasury." *Id*.

The Court further explained there were the dangers inherent in representing oneself. *Id*., p. 11. For example, she would be required to abide by the rules of criminal procedure and the rules of evidence and would be facing an attorney for the government trained in such matters. *Id*. Broderick replied that she "did file a notice of request for a Seventh Amendment common law jury trial." *Id*., p. 12. She continued: "I'm very comfortable with the common law of the Seventh Amendment, which I'm guaranteed in this courtroom." *Id*.

When pressed by the Court if she knew about the Federal Rules of Evidence, Broderick asserted, "I only go by the Seventh Amendment." *Id*., p. 12. The Court continued to explain the procedures that would be employed at trial, but Broderick never agreed to be bound by the Federal Rules of Evidence or the Federal Rules of Criminal Procedure. *Id*., pp. 12-22.

The Court then asked Broderick's counsel his opinion as to Broderick's understanding of court procedure. Broderick, however, continued to interrupt the Court with interjections such as: "He's not speaking for me" or "He has nothing to do with me." *Id*. pp. 22-26. Counsel opined that Broderick's purported *Faretta* waiver is not knowing and intelligent. *Id*., p. 27. The AUSA expressed his concern with Broderick's obstructionist courtroom behavior. *Id*.

Discussion

"[T]he Sixth Amendment guarantees a defendant a right to counsel but also allows [her] to waive this right and to represent [herself] *without* counsel." *U. S. v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (emphasis in original) (citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975)). This waiver of the right to counsel, known as a *Faretta* waiver, will be accepted by the Court only if it is "timely, not for the purposes of delay, unequivocal,

- 4 -

1 and knowing and intelligent." *Id*. A *Faretta* waiver will be considered knowing and
2 intelligent if the defendant "understands 1) the nature of the charges against [her], 2) the
3 possible penalties, and 3) the dangers and disadvantages of self-representation." *Id*.
4 (punctuation modified).

5 The right to represent oneself is not absolute. It may be overridden if the defendant
6 is not competent to waive counsel or if she is not "able and willing to abide by rules of
7 procedure and courtroom protocol." *U.S. v. Bishop*, 291 F.3d 1100, 1114 (9th Cir. 2002),
8 *cert. Denied*, 537 U.S. 1176 (2003) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 174, 104
9 S.Ct. 944, 948 (1984)).

10 The Court finds Broderick's *Faretta* waiver ineffective because she does not
11 understand the nature of the charges against her, and therefore her waiver is not knowing and
12 intelligent. The Court further finds Broderick's inability or unwillingness to abide by the
13 rules of procedure and courtroom protocol precludes her from representing herself.

14 When asked by the court if she understood the nature of the charges, Broderick
15 asserted clearly that she did not. (Doc. 53, p. 6) She seemed either unable or unwilling to
16 understand that the charges are being brought in a criminal context. *Id*., pp. 5-6. Instead, she
17 insisted they are being brought in a commercial context. *Id*. She stated: "They're
18 commercial charges." *Id*., p. 5. "Yes, I understand they are commercial charges with a
19 value on them." *Id*. Broderick's failure to understand the nature of the charges against her
20 indicates her *Faretta* waiver is not knowing and intelligent.

21 Moreover, Broderick's inability or unwillingness to abide by the rules of procedure
22 and courtroom protocol preclude her from representing herself. At the hearing, the court
23 explained in detail that Broderick would be responsible for abiding by the Federal Rules of
24 Criminal Procedure and the Federal Rules of Evidence. *Id*., pp. 12-22. Broderick, however,
25 refused to acknowledge this fact and, instead, insisted that the rules of "common law" and
26 the Seventh Amendment would apply at her trial. *Id*. Broderick's inability or unwillingness
27 to abide by these rules precludes her from representing herself.

28

**RECOMMENDATION:**

In view of the foregoing it is recommended that, after its independent review of the record, the District Court **DENY** the defendant's *Faretta* motion to represent herself. Each counsel may serve and file written objections within 14 days. Broderick may file a written objection on her own behalf within 14 days if she so desires. If objections are not timely filed, the party's right to de novo review may be waived.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel and a copy to the defendant, Broderick.

DATED this 17th day of January, 2012.

_____
Glenda E. Edmonds
United States Magistrate Judge